UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**WISCONSIN SHEET METAL WORKERS HEALTH
AND BENEFIT FUND, MILWAUKEE AREA SHEET
METAL JOURNEYMEN AND APPRENTICESHIP
TRAINING FUND and MICHAEL MOONEY**
(in his capacity as Trustee),

        Plaintiffs,

    v.                                     Case No.    18-cv-1685

**PRO SERV PLUMBING, HEATING, COOLING, LLC,**

        Defendant.
_____

## COMPLAINT
_____

**NOW COME** the plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the defendants, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant Pro Serv Plumbing, Heating, Cooling, LLC (hereinafter referred to as "Pro Serv") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by said defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer

Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301 and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Pro Serv is engaged in business with its principal place of business, located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund and Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Michael Mooney is a Trustee and fiduciary of the Wisconsin Sheet Metal Workers Health and Benefit Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Patrick Landgraf maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. Defendant Pro Serv is a domestic limited liability company engaged in business, with principal offices located at 11830 West Ripley Avenue, Wauwatosa, Wisconsin 53226. Its registered agent for service of process is Jon P. Weis, 11830 West Ripley Avenue, Wauwatosa, Wisconsin 53226.

## Facts

6.     Pro Serv is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7.     For all times relevant, Pro Serv was a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between it and the Sheet Metal Workers International Association Local #18 – Wisconsin AFL-CIO (hereinafter the "Union").

8.     The Labor Agreements described herein contain provisions whereby Pro Serv agreed to make timely payments to the plaintiffs' trust funds for each employee covered by said Labor Agreements.

9.     By execution of said Labor Agreements, Pro Serv adopted the trust agreements and amendments thereof which establish and govern the plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Pro Serv has agreed as follows:

    a.     to file monthly reports and make timely and prompt contributions to

        the plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b.     to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.     to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiffs pursuant to the trust agreements;

    d.     to adopt and abide by all of the actions of the trustees in administering the plaintiffs in accordance with the trust agreements and the rules so adopted;

    e.     to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f.     to pay, in addition to contributions, liquidated damages and interest, all actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

11.     Pro Serv has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a.     failing to make continuing and prompt payments to the plaintiffs as required by the Labor Agreements and trust agreements for all of Pro Serv's covered employees; and

    b.     failing to accurately report employee work status to the plaintiffs.

-4-

Case 2:18-cv-01685-DEJ   Filed 10/23/18   Page 4 of 7   Document 1

12. ERISA § 502(g) (2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

13. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

14. Despite demands that Pro Serv perform its statutory and contractual obligations, the plaintiffs have ascertained that said defendant has wholly failed, neglected, omitted and refused to make those payments. Pro Serv is now indebted to the plaintiffs as follows:

<u>Audited Period April 1, 2014 through May 31, 2015</u>:

Wisconsin Sheet Metal Workers Health & Benefit Fund                  $84,400.32
Milwaukee Area Sheet Metal Journeymen & Apprenticeship Training Fund    6,423.23

## Claim One Against Defendant Pro Serv Plumbing, Heating, Cooling, LLC
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

15. As and for a first claim for relief against Pro Serv, the plaintiffs reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word for word.

16. For purposes of this claim (Claim One), Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund and Wisconsin Sheet Metal Workers Health & Welfare Fund are hereinafter referred to as the "Funds."

17. Due demand has been made upon Pro Serv for payment of all sums due and owing, but said defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the plaintiffs are informed and believe, Pro Serv has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of plaintiffs' trust funds is reduced, plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and plaintiffs' employee benefit plans have been violated, and the plaintiffs are entitled to all of the remedies provided by ERISA.

19. Because Pro Serv has failed to make timely and prompt contributions, some of the plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe

and irreparable harm if Pro Serv is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, plaintiffs demand the following relief:

1. Judgment on behalf of the plaintiffs and against Pro Serv:

    A. For $90,824.55 representing contributions and interest owed for the audited period April 1, 2014 through May 31, 2015;

    B. For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 23rd day of October, 2018.

/s/ Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs